**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AARON ROTH, | No. 10-17464 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00355-FJM |
| v. | |
| COUNTY OF MARICOPA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 9, 2011[**]
San Francisco, California

Before: ALARCÓN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Aaron Roth appeals from the district court's order granting summary

judgment in favor of the County of Maricopa ("County") for his failure to establish

a prima facie case of retaliation against the County in violation of Title VII of the

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*).[1]  Roth also appeals from the

district court's order denying his motion to alter or amend the judgment pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure.  We have jurisdiction pursuant

to 28 U.S.C. § 1291.  We affirm.

I

Roth contends that the district court erred in concluding that he failed to

present sufficient evidence in his opposition to the County's motion for summary

judgment that there is a genuine issue of material fact in dispute regarding whether

he was subject to an adverse employment decision in retaliation for his complaint

that his supervisor subjected him to discrimination because of his gender in

violation of Title VII.  "We review *de novo* the district court's grant of summary

judgment." *FTC v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009).

In order to establish a prima facie case of retaliation under Title VII, a

plaintiff must demonstrate: "(1) involvement in protected activity opposing an

unlawful employment practice, (2) an adverse employment action, and (3) a causal

link between the protected activity and the adverse action." *Freitag v. Ayers*, 468

F.3d 528, 541 (9th Cir. 2006).  "[A]n action is cognizable as an adverse

---

[1]  The district court also granted summary judgment in favor of the County as to Roth's sexual discrimination claim because, as Roth conceded, he failed to present any evidence to support the claim.

2

employment action if it is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).

Roth contends that the district court "erroneously gave credibility to Church's statements merely because they were not contradicted by direct evidence." This argument is contrary to the law of this circuit. "A plaintiff may not defeat a defendant's motion for summary judgment merely by denying the credibility of the defendant's proferred reasons[s] for the challenged employment action." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029 n.6 (9th Cir. 2006).

> Where direct evidence is unavailable, . . . the plaintiff may come forward with circumstantial evidence . . . to show that the employer's proferred motives were not the actual motives because they are inconsistent or otherwise not believable. Such evidence . . . must be 'specific' and 'substantial' in order to create a triable issue with respect to whether the employer intended to discriminate on the basis of [a prohibited ground].

*Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004) (citation omitted).

Roth failed to present direct or circumstantial evidence that demonstrates that Church's motive for not notifying Roth was based on his complaint of gender discrimination.

3

**II**

Roth also asserts that the district court erred in concluding that he had failed to demonstrate a prima facie case of retaliation because of the temporal proximity between his compliant to Church of Dr. Cox's alleged gender discrimination and the failure to give him notice of the reclassification a few weeks later. We disagree. The doctrine of temporal proximity is inapplicable because Roth failed to present direct or circumstantial evidence that he was subjected to an adverse employment action that was caused by his complaint of gender discrimination.

**III**

Roth also appeals from the district court's denial of his motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. He contends that the district court misconstrued the evidence in granting the County's motion for summary judgment regarding whether Church's failure to notify Roth after he accepted a different job that his position as administrative specialist would be reclassified subject to the action of the Board of Supervisors. The record demonstrates that Roth failed to present any direct or circumstantial evidence that Church's testimony was not credible.

**Conclusion**

The district court's order granting summary judgment on Roth's Title VII

4

claim and the denial of his Rule 59(e) motion are AFFIRMED.